RECEIVED

JUN - 2 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Anthony, et al

versus

Iberia Parish School board, et al

Civil Action 07-2096

Judge Tucker L. Melançon

Magistrate Judge C. Michael Hill

## ORDER

Before the Court is Plaintiff's Opposition/Motion To Reconsider Court's Grant of Defendants' Request to Set Aside Entry of Default Judgment [Rec. Doc. 27] moving the Court to reconsider its May 28th Order granting defendants' Motion To Set Aside Entry Of Default And Leave Of Court To File Responsive Pleadings, *R. 24*.

Rule 55 of the Federal Rules of Civil Procedure allows a court to set aside an entry of default for good cause. Fed.R.Civ.P. 55(c). It is within the district court's discretion to set aside a default. *See United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir.1985). Considered a drastic and extreme remedy, default judgments are not entered against a defaulting party as a matter of right. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.2001). A court considering whether to set aside an entry of default should consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *One Parcel of Real Property*, 763 F.2d at 183. The Court considers these factors while acknowledging that default judgments are not favored under federal law and procedure. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998). In applying this standard to defendants' Motion To Set Aside Entry Of Default And Leave Of Court To File Responsive Pleadings, it is

**ORDERED** that the Plaintiff's Opposition/Motion To Reconsider Court's Grant of Defendants' Request to Set Aside Entry of Default Judgment [Rec. Doc. 27] is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, on this 2nd day of June, 2008.

_____
Tucker L. Melançon
United States District Judge